Honorable Christopher M. Alston
Hearing date: September 17, 2026; 9:30 a.m.
Hearing Place: Room 7206, 700 Stewart Street, Seattle, WA 98101
Responses due by: September 10, 2026

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | Chapter 7<br>Bankruptcy No. 24-12986-CMA |
| AR ACQUISITIONS, LLC, | |
| Debtor(s). | TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT WITH KIRKLAND TEMPLE LLC |

COMES NOW the trustee, Ronald G. Brown, through counsel The Livesey Law Firm, and Rory C. Livesey, and moves this Court for an order approving the trustee's settlement with Kirkland Temple, LLC ("Kirkland Temple").

The details of the settlement can be summarized as follows:

Prior to the filing of the bankruptcy petition the debtor owned certain real property located on 104th Street in Kirkland, Washington. The debtor had been attempting to sell the property. It entered into a purchase and sale agreement with Bellevue Property Investors as the buyer. Bellevue Property Investors assigned its interest in the contract to Kirkland Temple. Kirkland Temple paid $150,000 earnest money to the escrow as part of the transaction. Initially the earnest money became non-refundable once the feasibility period had passed. The parties then entered into an addendum to the purchase and sale agreement, which made the earnest money refundable only if the sale could not close or if all of the exceptions to the title could not be cleared away. Apparently unaware of the addendum, the title company paid $81,250 to the debtor from the earnest money. The remaining

$68,750 was paid at the debtor's direction to Elite Homes NW, LLC. The sale, however, did not close.

After the debtor filed its Chapter 11 petition, Kirkland Temple filed Adversary No. 25-01048-CMA naming the debtor as the defendant. The complaint seeks the return of the $81,250 portion of the earnest money it received, arguing that the debtor would be unjustly enriched if it was allowed to keep it. The debtor answered the complaint, generally arguing, in part, that the sale could still close at the time the funds were disbursed. When the case converted to a Chapter 7, the trustee was substituted in as the defendant. There were pending cross-motions for summary judgment. The trustee inherited the debtor's position. The Court denied the motions for summary judgment, but those may be renewed.

Pending approval by the Bankruptcy Court, the parties have entered into a settlement. The trustee holds $77,070.61 of the funds. (The debtor spent approximately $4,179.39 during the Chapter 11 proceeding.) The trustee will disburse to Kirkland Temple $62,070.61. The estate will retain $15,000. The parties will enter into a mutual release of all claims and the adversary proceeding will be dismissed. The trustee has concluded that the settlement is in the best interest of the estate. *See* Declaration of Ronald G. Brown on file herein. The trustee understands that Kirkland Temple has made separate arrangements with Elite Homes NW, LLC.

The Court considers four factors in deciding to approve a settlement. They are (a) the probability of success in resolving the claim; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of resolving the claim and the expense, inconvenience and delay involved; and, (d) the paramount interest of the creditors.

A significant factor in the trustee's decision is the probability of success in resolving the claim. Although the role of the title company in making the disbursements has not been ignored, the addendum to the purchase and sale agreement is very clear and the money should not have been disbursed. The debtor argued that at the time the earnest money was disbursed the sale could still close and the earnest money was non-refundable at the time it was disbursed. The trustee does not

think that argument will prevail. The property that is the subject of the purchase and sale agreement has since been lost to foreclosure.

The costs of collection did not factor into the trustee's analysis, as the funds are already in the trustee's possession.

The complexity of resolving the claim and the expense, inconvenience and delay involved favor the settlement. It is tied into the probability of success element. The expense to the estate would continue to increase if the trustee goes to trial on a difficult claim.

Finally is the paramount interest of the creditors. This settlement provides the estate with a certain result without the risk and loss of further litigation.

WHEREFORE, the trustee prays for an order approving the settlement with Kirkland Temple LLC.

RESPECTFULLY SUBMITTED this 24th day of August, 2026.

THE LIVESEY LAW FIRM

/S/ *Rory C. Livesey*

Rory C. Livesey, WSBA #17601
Attorney for Ronald G. Brown, Trustee